IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-73,625-02






EX PARTE MICHAEL BLAKE BOURNE, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. W11038-2 IN THE 355TH DISTRICT COURT


FROM HOOD COUNTY






 Per curiam.


O P I N I O N



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
assault and sentenced to twenty-eight years' imprisonment. The Second Court of Appeals dismissed
his appeal. Bourne v. State, No. 02-09-00138-CR (Tex. App.--Fort Worth 2009, no pet.).

 In a single ground, Applicant contends that he was denied his right to an appeal. We
remanded this application to the trial court for findings of fact and conclusions of law. The trial
court concluded that Applicant was denied his right to an appeal. We agree. Applicant is entitled
to the opportunity to file an out-of-time appeal of the judgment of conviction in cause number
CR11038 from the 355th District Court of Hood County. Applicant is ordered returned to that time
at which he may give a written notice of appeal so that he may then, with the aid of counsel, obtain
a meaningful appeal. Within ten days of the issuance of this opinion, the trial court shall determine
whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the
trial court shall immediately appoint an attorney to represent Applicant on direct appeal. All time
limits shall be calculated as if the sentence had been imposed on the date on which the mandate of
this Court issues. We hold that, should Applicant desire to prosecute an appeal, he must take
affirmative steps to file a written notice of appeal in the trial court within 30 days after the mandate
of this Court issues.

 Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional
Institutions Division and Pardons and Paroles Division. 


Delivered: March 12, 2014

Do not publish